OPINION
{¶ 1} Appellant Jill Shammo, the natural mother of Jonathan Shammo, a minor child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, awarding permanent custody of Jonathan to the Department of Job and Family Services and terminating her parental rights. Jonathan's father is not a party to this appeal. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR {¶ 2} THE TRIAL COURT COMMITTED ERROR WHEN IT GRANTED STARK COUNTY DEPARTMENT OF JOB AND FAMILY SERVICES MOTION FOR PERMANENT CUSTODY AND TERMINATED THE PARENTAL RIGHTS OF THE APPELLANT BECAUSE THE DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
{¶ 3} The record indicates JFS first became involved with Jonathan on December 28, 1999, when Jonathan was a passenger in a car driven by a drunk driver. At the adjudicatory hearing, JFS alleged appellant had an untreated substance abuse problem. The court found Jonathan was neglected, but dismissed the allegations of dependency and abuse.
{¶ 4} On January 24, 2000, the court held the dispositional hearing and awarded JFS temporary custody. The court approved and adopted the case plan which included completing a psychological evaluation, completing parenting classes, maintaining a stable home, and remaining free of alcohol or drug by pursuing treatment at Quest.
{¶ 5} At the subsequent review hearings, appellant demonstrated she was successfully progressing through the case plan with the exception of sporadic attendance at alcohol counseling.
{¶ 6} The trial court scheduled the permanent custody trial for January 11, 2001. JFS agreed to withdraw its motion for permanent custody and amend its prayer for a six-month extension of temporary custody. JFS also amended the case plan to include appellant attend group sessions at Quest three times a week, AA meetings three times a week, and submit to random breath testing.
{¶ 7} At the review hearing on May 11, 2001, appellant had successfully completed all parts of the case plan with the exception of the programs designed to assist her with her substance abuse problem. For this reason, on May 25, 2001, JFS again filed for permanent custody.
{¶ 8} On July 9, 2001, the court called a hearing on the motion for permanent custody. Once again, JFS withdrew its motion and amended the request for a six-month extension for temporary custody. The case plan was amended once more to provide that appellant must attend three meetings a week at Quest and three per week at AA, and two of the meetings must be on the weekends. Appellant also had to provide proof of attendance for AA, and attend counseling with another agency.
{¶ 9} On November 7, 2001, the court held yet another review hearing. At the hearing, the court heard appellant had secured housing, had completed Goodwill Parenting, and was working. However, appellant had also experienced two relapses of alcohol since August as demonstrated by positive results on alcohol tests on September 20, 2001, and October 16, 2001. Accordingly, JFS filed a third motion for permanent custody on November 29, 2001. On January 23, 2001, the trial court conducted a hearing on the best interest of the child.
{¶ 10} In its findings of fact and conclusions of law, the trial court found the primary concern relative to appellant's ability to parent involved her alcohol addiction. The court found because of appellant's repeated relapses from treatment, it had approved a specific agreement between JFS and appellant whereby the court would extend temporary custody one final time with very concrete requirements placed upon appellant. On October 23, 2001, appellant's Quest counselor reported it appears that even with all the support set up for her, appellant just cannot maintain long-term sobriety.
{¶ 11} The trial court found the minor child had been in JFS's custody for greater than twelve months in a twenty-two month period. The court found Jonathan had closely bonded with appellant. The court found following the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by JFS to assist appellant to remedy the problems that had initially caused the child's placement outside the home, appellant had failed continuously and repeatedly to substantially remedy the conditions which caused the child to be placed in foster care.
{¶ 12} The court found appellant's chemical dependency is so severe it makes her unable to provide an adequate permanent home at the present time and within the foreseeable future. The court found appellant put forth honest efforts to maintain sobriety, but her longest period of sobriety over two years of monitoring was thirty-seven days. The court found JFS had put forth reasonable efforts with counseling, psychological evaluations, and recommendations. The agency offered the mother specific courses of action, which she unsuccessfully attempted to complete. The court expressed sympathy for appellant, but found by clear and convincing evidence, that Jonathan cannot be placed with either parent within a reasonable time, or should not be placed with either parent.
{¶ 13} On March 4, 2002, the court awarded JFS permanent custody of the child.
{¶ 14} Appellant argues the court's finding that Jonathan cannot be placed with either parent within a reasonable time, or should not be placed with either parent, is not supported by clear and convincing evidence. Appellant concedes our standard of review is to determine whether the trial court abused its discretion. The Supreme Court has frequently defined the term abuse of discretion as implying the court's attitude is unreasonable, arbitrary, or unconscionable, see Miller v.Miller (1988), 37 Ohio St.3d 71.
{¶ 15} Appellant urges the record contains overwhelming evidence she substantially remedied the conditions that caused Jonathan to be taken away from her. Appellant urges the primary objective in this case was to alter her behavior towards alcohol abuse, and to learn how her abuse of alcohol impacted her parenting skills. Appellant asserts she did substantially alter her behavior, and substantially complied with the case plan.
{¶ 16} Appellant admits she did not completely stop drinking during the course of the case, but argues when she did relapse, the amount of alcohol she ingested did not rise to the level of intoxication as defined by Ohio law. Thus, although appellant did not stop drinking entirely, she was able to control the amount of alcohol she consumed to a legal level, and there was testimony before the court that relapses are normal and to be expected.
{¶ 17} Further, appellant points to the testimony of Dr. Bello, one of the persons involved in her treatment. The doctor testified it was unfair to appellant to set out a case plan which involved achieving sobriety but also addressed other issues at the same time. Dr. Bello indicated the starting point should be addressing the alcohol abuse and establishing sobriety before tackling the other issues.
{¶ 18} Appellant also calls to our attention that she and Jonathan have bonded, and she had demonstrated her devotion and commitment to her child.
{¶ 19} As the trial court properly focused upon, the main goal of the proceedings is to achieve permanency for the child. The court specifically acknowledged the bonding between appellant and the child, and stated this is a very difficult decision. Nevertheless, the court found by clear and convincing evidence the child could not be placed with either parent within a reasonable period of time, or should not be placed with either parent.
{¶ 20} We find the record contains sufficient, competent and credible evidence demonstrating not just reasonable efforts, but extraordinary efforts JFS made in attempting to reunite this family. There was no testimony before the court that appellant would achieve and maintain her goal of sobriety within a reasonable period of time. Appellant's track record up to the time of the hearing demonstrates the contrary. We find the trial court did not abuse its discretion or commit an error of law when it found by clear and convincing evidence that the child could not be placed with appellant within a reasonable period of time, or should not be placed with her.
{¶ 21} The assignment of error is overruled.
{¶ 22} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
By GWIN, P.J., EDWARDS, J., and BOGGINS, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.